**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JANET E. DARDEN**                                                            **PLAINTIFF**

**v.**                         **CIVIL ACTION NO.: 3:24-CV-144-CWR-ASH**

**MISSISSIPPI DEPARTMENT OF**                                **DEFENDANTS**
**REHABILITATION SERVICES AND
CHRISTOPHER HOWARD**

**FIRST AMENDED COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

**COMES NOW** the Plaintiff, Janet E. Darden, by and through hers counsel, Watson & Norris, PLLC, and files this action to recover damages for the claims asserted below. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**<u>PARTIES</u>**

1. Plaintiff, Janet E. Darden, is an adult male citizen of Warren County, Mississippi.

2. Defendant, Mississippi Department of Rehabilitation Services, is a state agency that may be served by serving Lynn Fitch, Attorney General for the State of Mississippi, at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

3. Defendant, Chris M. Howard, individually, may be served with process at his place of employment, Mississippi Department of Rehabilitation Services, 1281 Highway 51 North, Madison, Mississippi 39110.

Exhibit "A"

## JURISDICTION AND VENUE

4. This Court has jurisdiction based on federal question and venue is proper in this Court.

## STATEMENT OF THE FACTS

5. Janet Darden is a female resident of Warren County and Vicksburg, Mississippi.

6. She was hired on May 13, 1985, as a Vocational Rehabilitation Counselor II at the Mississippi Department of Rehabilitation Services (MDRS) Office of Vocational Rehabilitation's District VII in Vicksburg.

7. On August 1, 1990, Ms. Darden was promoted to the position of DRS-Counselor Supervisor.

8. On July 1, 1995, she was promoted to DRS-Counselor Senior.

9. On August 1, 2015, Ms. Darden was promoted to the classification of Staff Officer I. This classification was used by the Mississippi State Personnel Board (MSPB) for the role of Assistant District Managers throughout the state.

10. On June 1, 2016, Ms. Darden completed the MSPB's Basic Supervisory Course. On October 1, 2017, she was promoted to Deputy Bureau Director. This classification was used by the MSPB for the role of District Managers throughout the state.

11. The Deputy Bureau Director position that Ms. Darden currently holds is not an at-will employee position. It is a state service position that has protections by the State Personnel Board, and the Defendant has limitations for the reasons it may take an adverse employment action against Plaintiff while in this position.

12. On September 18, 2019, Ms. Darden filed an EEOC Charge of race discrimination (423-2019-01877) against MDRS. In that Charge, Ms. Darden asserted that in August 2019, she (Ms. Darden) was passed over and the position of Director of Clinical Services was given to a less qualified white female, Carol Elrod.

13. The Director of Client Services position is an at-will employee position, and Defendant can terminate the employee in this position for any reason as long as it does not violate state or federal law.

14. Around December 2021, Ms. Elrod resigned from the position.

15. After December 2021, the position of Director of Client Services (DCS) remained vacant and MDRS did not post it and invite applicants to apply.

16. Defendant Chris Howard is the Executive Director of MDRS.

17. Defendant Howard was aware Ms. Darden as well as other employees were interested in being promoted to the DCS position as they had sued MDRS and alleged that it discriminated against them by not selecting them for the DCS position.

18. Miss. Code Ann. § 37-33-13(c) requires that the Director of Vocational Rehabilitation (DVR) recommend for appointment personnel to serve in positions in the Vocational Rehabilitation department.

19. The DCS position serves directly under the DVR position.

20. Defendant Howard as the Executive Director was aware that the DCS position is a position within the Vocational Rehabilitation department.

21. Defendant Howard was aware that state law required him to get recommendations from the DVR for the DCS position.

22. In prior litigation it was discovered that when Defendant MDRS requested Lavonda Hart, who is the DVR, for a recommendation for the DCS position, that she requested that the position be posted, and interviews conducted so a recommendation could be made.

23. Instead of posting the position, Defendants selected Carol Elrod for the position without a recommendation from the DVR.

24. On January 1, 2022, Ms. Darden's classification was changed to that of a Rehabilitation Specialist Team Lead, as a result of MSPB's updated classification and compensation system. At present, Ms. Darden serves as the District Manager for District V.

25. In February 2022, Defendant Howard appointed Charles Fairley, who is a male, as the new DCS. Had Plaintiff been appointed to the DCS position she would have received a significant raise to her salary.

26. Defendant Howard did not post the DCS position for all employees to apply for that were interested.

27. Nor did Defendant Howard request DVR Lavonda Hart for a recommendation for the DCS position.

28. Mr. Fairley has no direct work experience related to the position and has fewer qualifications and less education than Ms. Darden.

29. On May 4, 2022, Ms. Darden filed a second EEOC Charge of sex discrimination and retaliation against MDRS. In that Charge, she asserted that in retaliation against her for filing her initial EEOC Charge (423-2019-01877), MDRS passed her over again, and discriminated against her due to sex by selecting a less

experienced and less qualified male applicant, Mr. Fairley, for the DCS position in February 2022.

## CAUSES OF ACTION

### COUNT I: TITLE VII – SEX DISCRIMINATION

30. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as if fully incorporated herein.

31. Defendant MDRS has discriminated against Plaintiff by not posting the DCS position so that Plaintiff could not be promoted to the position. Defendant MDRS also discriminated against Plaintiff by not promoting Plaintiff to the DCS position.

32. Defendant MDRS was motivated to discriminate against Plaintiff because she is female.

33. Defendant MDRS' actions violate Title VII of the Civil Rights Act of 1964.

### COUNT II: TITLE VII – RETALIATION

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Defendant MDRS retaliated against Plaintiff by not posting the DCS position and not promoting Plaintiff to the DCS position.

36. Defendant MDRS retaliated against Plaintiff because she engaged in protected activity by filing a prior charge of discrimination with the EEOC against Defendant MDRS.

37. Defendant MDRS' actions violate Title VII of the Civil Rights Act of 1964.

## COUNT III: 14TH AMENDMENT THROUGH 42 U.S.C. § 1983

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39. Defendant Howard acting in his individual capacity violated Plaintiff's 14th Amendment rights by discriminating against Plaintiff because of her sex.

## COUNT IV: TORTIOUT INTERFERENCE WITH EMPLOYMENT RELATIONSHIP

40. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 39 above as if fully incorporated herein.

41. Plaintiff has an employment relationship with Defendant MDRS.

42. Defendant Howard was aware of Plaintiff's employment relationship.

43. Defendant Howard maliciously interfered with Plaintiff's employment relationship by taking intentional actions so that she would not be promoted to the DCS position.

44. Defendant Howard's actions have caused significant financial loss as well as other damages to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

   a. Back wages;
   b. Promotion or front pay in lieu of promotion;
   c. Compensatory damages
   d. Punitive damages
   e. Lost benefits;
   f. Tax gross-up and all make whole relief:
   g. Pre-judgment and post-judgment interest;
   h. Attorney's fees;

      i.   Costs and expenses; and
      j.   Any other relief to which he may be properly entitled.

THIS the 19th day of March, 2024.

                                  Respectfully submitted,

                                  JANET E. DARDEN, PLAINTIFF

                                /s Nick Norris
                                Louis H. Watson, Jr. (MSB# 9053)
                                Nick Norris (MSB#101574)
                                Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Phone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com