IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JANET G. DARDEN**                                                                   **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:24-CV-00144-CWR-ASH**

**MISSISSIPPI DEPARTMENT OF REHABILITATION
SERVICES; and CHRISTOPHER HOWARD**            **DEFENDANTS**

---

**DEEFENDANTS' MEMORANDUM BRIEF
IN SUPPORT OF MOTION *IN LIMINE***

---

COME NOW, Defendants, Mississippi Department of Rehabilitation Services ("MDRS") and Christopher Howard ("Howard") (collectively "Defendants"), through counsel and pursuant to FED. R. EVID. 401, 402, 403, and 404(b), and respectfully submits their Memorandum Brief in support of their Motion *in Limine*, as follows:

### I. INTRODUCTION

The Court should exclude *in limine* from the trial of this employment discrimination and retaliation case, all of the following: (1) any unpled claims and/or claims dismissed and/or abandoned pursuant to this Court's Order on Summary Judgment [46], including but not limited to Plaintiff's Fourteenth Amendment violation claim; (2) any other lawsuits against MDRS and/or Howard; (3) any reference to Howard or MDRS being a defendant in any other lawsuit; (4) any purported "pattern or practice" claim; (5) the contents of Plaintiff's 2019 EEOC Charge No. 423-2019-01877; (6) any reference to a "first opportunity to retaliate" theory; (7) any reference or claim for punitive damages against MDRS under Title VII; (8) any reference to Howard's personal wealth and/or financial condition until

any punitive damages phase at trial, if any; and (9) any reference to a "Golden Rule" argument.

This Court has summarily dismissed Plaintiff's Fourteenth Amendment violation claim, and any reference to said dismissed or abandoned claim should be excluded at trial. Further, any purported "pattern or practice" claim should be excluded because that was not pled in Plaintiff's Amended Complaint [24] nor exhausted before the EEOC and thus should be excluded. Likewise, in her (corrected) summary judgment response brief [43, p. 26], Plaintiff references at least 3 other lawsuits against MDRS and/or Howard. Yet, any reference to other lawsuits against Defendants—or that Howard and/or MDRS are defendants in other lawsuits— should be excluded from trial. Additionally, the *fact* that Plaintiff filed a 2019 EEOC charge is relevant, but the *contents* of that charge have no bearing on the instant case. Similarly, any reference to a "first opportunity to retaliate" timing theory has not been adopted by the Fifth Circuit for "but-for" causation and should be excluded.

Inasmuch as Plaintiff generally seeks punitive damages in her Amended Complaint [24], any reference to the personal net worth or financial condition of the individual defendant, Howard, should be excluded from trial unless the parties reach the punitive damages phase for Plaintiff's claim for tortious interference with employment. Further, MDRS is a governmental entity that is immune from punitive damages under Title VII. Any stray reference to punitive damages at trial would be irrelevant or otherwise provoke and unduly prejudice MDRS with the jury. Finally, any references to any "Golden Rule" argument that suggests the jury should place

themselves in Plaintiff's position would be improper, highly prejudicial, and thus excluded.

The foregoing should generally be excluded as irrelevant and inadmissible pursuant to FED. R. EVID. 401 and 402. The information outlined above is not relevant to any existing claim in this action for Title VII sex discrimination and retaliation (against MDRS) and tortious interference with employment (against Howard, individually). Further, admission of evidence regarding other lawsuits or that Howard or MDRS are defendants in other cases runs afoul of FED. R. EVID. 404(b). Allowing these matters into evidence or brought to the attention of the jury would confuse the issues and mislead the jury into believing that any of this information should be relevant to their decision in this case.

Even if some dubious relevancy is claimed, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, and FED. R. EVID. 403 would properly prevent its use and/or admission. The danger of unfair prejudice is significant because jurors might be improperly motivated to find in favor of the Plaintiff based on irrelevant information. Since the mere offer of such evidence will tend to prejudice the jury to the detriment of Defendants, the Court should exclude it prior to trial.

## II. LEGAL STANDARD

**Motion *in Limine*.** "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (internal citations omitted). Such a motion prevents opposing counsel from

"mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp*. 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Rulings on a motion *in limine* "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020) ("an order granting a motion in limine does not preclude the party sponsoring the evidence from revisiting the issue at trial. But that party must raise the issue outside the jury's presence.").

**Relevancy.** "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "Irrelevant evidence is not admissible." FED. R. EVID. 402. "The court may exclude relevant evidence" if "its probative value is substantially outweighed by a danger of...unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### III. ARGUMENT AND AUTHORITY

1. **DISMISSED OR ABANDONED CLAIMS.**

On July 24, 2025, this Court entered an Order [46] granting in part and denying in part Defendants' Motion for Summary Judgment. The Court thereby dismissed Plaintiff's Fourteenth Amendment violation claim, but it denied summary

4

judgment as to Plaintiff's Title VII claims for sex discrimination and retaliation against the agency, MDRS, and Plaintiff's tortious interference with employment claim against the individual defendant, Howard. In particular, the Court held that Plaintiff abandoned her Fourteenth Amendment claim, [46, p. 10], and any reference to said dismissed or abandoned claim should be excluded at trial.

"[E]vidence and argument that solely concerns dismissed claims are matters that are both irrelevant and unduly prejudicial." *McCon v. Perez*, No. 1:17-cv-77-LG-RHW, 2018 WL 4006971, at *2 (S.D. Miss. Aug. 20, 2018); *see also Bradley v. Cooper Tire & Rubber Co.,* No. 4:03-cv-0094 DPJ-LRA, 2007 WL 9775645, at *2 (S.D. Miss. June 15, 2007) ("introduction of evidence related to … dismissed claims would violate Rules 402 and 403."). Simply put, "[t]o be admissible, evidence must be relevant to an issue properly before the jury." *Johnson v. Watkins*, No. 3:07CV621 DPJ-JCS, 2010 WL 2671993, at *5 (S.D. Miss. June 30, 2010) (citing FED. R. EVID. 401, 402). As explained in *Johnson*, "dismissed claims are not properly before the jury. Any evidence related to the specifics of those claims is not relevant to this case and would invite unfair prejudice, delay and confusion." *Id.* (citing FED. R. EVID. 401, 402, and 403); *see Smith v. Mississippi Emergency Management Agency*, No. 3:20-cv-244-DPJ-FKB, 2022 WL 17730869, at *7 (S.D. Miss. Dec. 16, 2022)(plaintiff "precluded from offering evidence or argument regarding dismissed or abandoned claims. . . .")

Any discussion of, reference to, introduction into evidence, or argument related to Plaintiff's dismissed or abandoned claims, including for violation of the Fourteenth Amendment, should be excluded pursuant to FED. R. EVID. 401, 402, and 403.

5

2.  **OTHER LAWSUITS.**

It is anticipated that Plaintiff will attempt to discuss, refer to, argue, and/or introduce the existence of, rulings on, and/or facts related to other closed or pending lawsuits against MDRS and/or Howard, which are not relevant and would he highly prejudicial to the Defendants. *See, e.g.*, [43], at p. 26. Pursuant to FED. R. EVID. 401, 402, 403, and 404(b), the Court should exclude any reference to any other lawsuits against MDRS and/or Howard, including, but not limited to:

- *John Calvin v. Mississippi Department of Rehabilitation Services*, Civil Action No. 3:15-cv-00827-HTW-LRA (S.D. Miss., Northern Division).

- *Kenisha Black v. Mississippi Department of Rehabilitation Services*, Civil Action No. 3:20-cv-00643-KHJ-LGI (S.D. Miss., Northern Division).

- *Sandra Sanders v. Mississippi Department of Rehabilitation Services*, Civil Action No. 3:20-cv-00830-CWR-LGI (S.D. Miss., Northern Division).

- *Shondra Gathings v. Mississippi Department of Rehabilitation Services*, Civil Action No. 3:21-cv-00709-KHJ-LGI (S.D. Miss., Northern Division).

- *Melody Laury v. Mississippi Department of Rehabilitation Services*, Civil Action No. 3:21-cv-00712-KHJ-LGI (S.D. Miss., Northern Division).

- *Lavonda Hart v. Mississippi Department of Rehabilitation Services*, Civil Action No. 3:21-cv-00713-KHJ-LGI (S.D. Miss., Northern Division).

- *Kenisha Black v. Mississippi Department of Rehabilitation Services and Chris M. Howard, Individually*, Civil Action No. 3:23-cv-00426-DPJ-ASH (S.D. Miss., Northern Division).

Notably, opposing counsel either is or was counsel of record in the *Calvin, Sanders,* and *Black* cases. Thus, the risk that counsel opposite will reference or try to introduce evidence concerning these factually distinct and irrelevant cases is heightened here.

As an initial matter, any reference to previous lawsuits has no bearing on the particular facts of this case, thus is irrelevant and inadmissible under FED. R. EVID.

401 and 402. Plaintiff was not a party to any of these previous suits and they all present a different set of facts than those at issue here.

In essence, any reference to previous lawsuits against MDRS or Howard does not have "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Like the court held in *Green v. Logan's Roadhouse, Inc.*, admission of previous lawsuits, judgment, and verdicts was "wholly irrelevant." No. 2:13-cv-238-KS-MTP, 2015 WL 200977, at *2 (S.D. Miss. Jan. 14, 2015) (citations omitted); *see also GuideOne Mutual Ins. Co. v. Rock*, No. 1:06-cv-218-SA-JAD, 2009 WL 2252206, at *7 (N.D. Miss. July 28, 2009) (excluding evidence of previous lawsuits as irrelevant and unduly prejudicial); *Barnes v. Koppers, Inc.*, No. 3:03-cv-60-P-D, 2006 WL 940279, at *3 (N.D. Miss. Apr. 11, 2006) (excluding evidence of other lawsuits and claims as irrelevant); *Fowler v. State Farm Fire & Cas. Co.*, No. 1:06-cv-489-HSO-RJW, 2008 WL 3050417, at *5–6 (S.D. Miss. July 25, 2008) (excluding reference to previous grand jury proceedings and governmental investigations as irrelevant).

Even if these previous lawsuits bore some dubious relevancy to this case, any probative value is substantially outweighed by the risk of unfair prejudice to the Defendants, confusing the issues, misleading the jury, and simply wasting time. Therefore, this evidence should also be excluded under FED. R. EVID. 403. As the court explained in *Stubblefield v. Suzuki Motor Corp.*, evidence of other lawsuits "would be more prejudicial than probative." No. 3:15-cv-18-HTW-LRA, 2018 WL 4762739, at *5–6 (S.D. Miss. Sept. 30, 2018), *aff'd*, 826 F. App'x 309 (5th Cir. 2020).

Further, any reference to or evidence regarding other lawsuits against Defendants should be excluded under FED. R. EVID. 404(b). Rule 404(b)(1) provides, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Although Rule 404(b)(2) provides admissibility exceptions for "motive, opportunity, intent, preparation, plan, knowledge, identity, absence or mistake, or lack of accident"— none of those apply to the use of previous lawsuits in this case.

Rather, any attempted use of previous lawsuits to establish that Defendants acted in accordance or are somehow culpable here is impermissible character evidence under FED. R. EVID 404(b). For example, in *Bui v. Minority Systems, Inc.*, the court granted a motion *in limine* to exclude reference to previous FLSA lawsuits filed against the defendant. No. 15-21317-CIV, 2016 WL 6518804, at *1 (S.D. Fla. Jan. 28, 2016). The *Bui* court explained that "[p]rior acts of a party, such as previous lawsuits, are generally not permitted to prove the character of a party on a particular occasion" absent a Rule 404(b)(2) exception. *Id.* There is no applicable Rule 404(b)(2) exception in this case, but even assuming that there was, "the probative value must outweigh the prejudicial effect that a prior act may have on a present case." *Id.* Here, as in *Bui*, "the effect of raising a prior employee lawsuit would effectively create a 'mini-trial' about the merits of the previous case and other 'collateral issues' that may not relate to the present case." *Id.*

3. **REFERENCE TO HOWARD OR MDRS BEING A DEFENDANT IN ANY OTHER LAWSUIT.**

Likewise, any reference to Howard or MDRS being a defendant in any other lawsuit should be excluded. As with the other lawsuits against MDRS and/or Howard, any reference to Howard or MDRS being a defendant in an unrelated, pending or closed lawsuit is irrelevant, improper character evidence, and any dubious relevance is outweighed by undue prejudice and would confuse the jury. For example, Howard also is a named defendant in *Black v. Mississippi Department of Rehabilitation Service and Howard*, No. 3:23-cv-00426-DPJ-ASH. Opposing counsel represents the plaintiff in the *Black* litigation, as he did in the *Sanders* and *Calvin* cases discussed above. *Black*, as well as *Sanders* and *Calvin*, involves separate claims, and the facts in that case have no bearing on Plaintiff's case at issue. Like other lawsuits against either Defendant, any reference to Howard or MDRS being a defendant in any other case should be excluded under FED. R. EVID. 401, 402, 403, and 404(b).

4. **ANY PURPORTED "PATTERN AND PRACTICE" CLAIM.**

The Court should exclude any reference to, or evidence related to, any purported "pattern and practice" claim because Plaintiff did not plead such a claim in her Amended Complaint [24] nor exhaust any such claim before the EEOC. Accordingly, any purported "pattern and practice" claim is not properly before this Court. "The Fifth Circuit has often held … that '[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.'" *Williams v. BFI Waste Services, LLC*, No. 3:16-cv-75-DPJ-FKB, 2017 WL 1498230, at *2 (S.D. Miss. Apr. 24, 2017) (quoting *Cutrera v.*

9

*Board of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). This rule has been applied to disallow not only new legal claims, but "has also been applied to new factual bases for previously pleaded legal theories." *Id.* (citing cases).

As with any claims dismissed at summary judgment, any discussion of, reference to, introduction into evidence, or argument related to any purported "pattern and practice" claims should be excluded pursuant to FED. R. EVID. 401, 402, and 403 because they were not exhausted at EEOC or pled by Plaintiff in her Amended Complaint, thus are not properly before this Court.

**5.    CONTENTS OF PLAINTIFF'S 2019 EEOC CHARGE.**

The Court should exclude the contents of Plaintiff's 2019 EEOC charge, as any allegations contained therein are time-barred and irrelevant in this suit. The <u>fact</u> that she filed a 2019 EEOC No. 423-2019-01877 charge is relevant; however, the <u>contents</u> of that charge should be excluded pursuant to FED. R. EVID. 401, 402, 403, and 404(b). In *El-Bawab v. Jackson State University*, the court found that plaintiffs previous EEOC charge had no probative value, was irrelevant, and the risk of confusion, delay, and unfair prejudice substantially outweighed any probative value. No. 3:15-cv-733-DPJ-FKB, 2018 WL 6596858, at *2 (S.D. Miss. Dec. 14, 2018). The same is true here and the contents of Plaintiff's 2019 EEOC charge should be excluded.

To the extent that Plaintiff may argue that she was actively engaged in protected activity the entire time span from September 2019 through June 2023, that should also be excluded for the same reasons. The Fifth Circuit has rejected the argument that any employee who experiences an adverse employment action while

10

an EEOC charge (or litigation) is pending can make out a prima facie case showing a causal connection, even if the employer has been aware of the charge for a significant period of time. *Atkins v. Se. Cmty. Health Sys.*, 712 F. App'x. 388, 391 (5th Cir. 2017).

**6.    FIRST OPPORTUNITY TO RETALIATE**

It is anticipated that Plaintiff will attempt to discuss, refer to, argue a "first opportunity to retaliate theory" that because she was a state-service employee due certain protections, MDRS's first opportunity to retaliate against her for her 2019 charge arose in February 2022 when Charles Fairley was appointed to the Director of Client Services position. While this theory has been adopted primarily in the Sixth Circuit, it has not been addressed in the Fifth Circuit. Any such testimony or argument is not relevant and should be excluded under Rule 401. Even if some dubious relevant could be found, its probative value is outweighed by the risk of unfair prejudice and confusing the issues, thus it should also be excluded under Rule 403.

In addition or alternative, the Court should exclude any timing argument or evidence that contradicts or conflicts with the "but-for" causation standard applicable to Title VII retaliation claims in the Fifth Circuit. Such argument is irrelevant to proving retaliation under Rule 401 and 402, and/or any relevance would be outweighed by the risk of unfair prejudice and confusing the issues under Rule 403.

"Title VII retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). In other

11

words, "a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 362; *accord. Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) ("the employee [must] demonstrate that the employer's reason is actually a pretext for retaliation … by showing that the adverse action would not have occurred 'but for' the employer's retaliatory motive[.]") (citations omitted); *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022) (The but-for causation "inquiry requires a greater showing than mere causal connection. It requires that the plaintiff show that protected conduct was the reason for the adverse action."); *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 249 (5th Cir. 2025) ("At bottom, the plaintiff must demonstrate that 'the adverse employment action would not have occurred 'but for' the protected activity.'") (citation omitted).

Evidence or argument of "temporal proximity"— i.e., regarding the timing between the protected activity and the adverse employment action— is not "persuasive evidence" unless "temporal proximity [is] very close[.]" *Strong v. Univ. Healthcare System, L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (citing *Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001)). Although "temporal proximity alone, when very close, can in some instances establish a *prima facie* case of retaliation[,]" it cannot serve as "sufficient proof of but for causation." *Id.*; *see also Breeden*, 532 U.S. at 273 (for "evidence of causality to establish a prima facie case[,] … the temporal proximity must be 'very close[.]'") (citing cases).

7. **P**UNITIVE **D**AMAGES AGAINST **MDRS.**

Plaintiff's Amended Complaint [24] includes a general claim for punitive damages against Defendants in the prayer for relief. [24, p. 6]. As such, this would include a claim for punitive damages against the state agency, MDRS, in connection with Plaintiff's remaining Title VII claims against MDRS.

In general, Title VII "allows plaintiffs asserting a Title VII claim to recover compensatory and punitive damages, provided that recovery is unavailable under § 1981." *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465 (5th Cir. 2001) (citing 42 U.S.C. § 1981a(a)(1)). Importantly, Title VII "precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions." *Id.*

> A complaining party may recover punitive damages under this section against a respondent (<u>other than a government, government agency or political subdivision</u>) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis added).

Title VII clearly dictates that MDRS, a government agency, is immune from any claim for punitive damages. Given the prohibition of punitive damage awards against state agencies, Plaintiff should be precluded from mentioning or suggesting any recovery of punitive damages under Title VII. Any mention of punitive damages is irrelevant and/or will only serve to incite the jury and prejudice MDRS. *See* FED. R. EVID. 401, 402 and 403; *see also Johnson v. Watkins*, No. 3:07-cv-621-DPJ-JCS, 2010 WL 2671993, at *5 (S.D. Miss. June 30, 2010) ("To be admissible, evidence must

be relevant to an issue properly before the jury."); *Fowler v. State Farm Fire & Cas. Co.*, No. 1:06-cv-489-HSO-RJW, 2008 WL 3050417, at *3 (S.D. Miss. July 25, 2008) (recognizing "the lack of relevancy and the potentially unduly prejudicial effect of allowing evidence, testimony, or argument relating or referring to [p]laintiffs' claims for punitive damages in the [litigation] phase of trial").

### 8. HOWARD'S PERSONAL NET WORTH AND/OR FINANCIAL CONDITION.

Pursuant to FED. R. EVID. 401 and 402, the Court should exclude all evidence of Howard's net worth and/or financial condition, at least during the liability phase of trial with respect to Plaintiff's remaining claim for tortious interference with employment against Howard. *Green v. Logan's Roadhouse, Inc.*, No. 2:13-cv-238-KS-MTP, 2015 WL 200977, at *2 (S.D. Miss. Jan. 14, 2015); *see also GuideOne Mutual Ins. Co. v. Rock*, No. 1:06-cv-218-SA-JAD, 2009 WL 2252206, at *8 (N.D. Miss. July 28, 2009) ("evidence of net worth and financial status are only relevant to punitive damages") (citing *Beck v. Koppers, Inc.*, No. 3:03-cv-60-P-D, 2006 WL 2228876, at *1 (N.D. Miss. Apr. 3, 2006)). Any such evidence related to Howard's personal net worth or financial condition is irrelevant to Plaintiff's claims and should be excluded during the liability phase— or "unless and until the jury has returned a verdict for compensatory damages and the Court rules that there is enough evidence for the jury to consider an award of punitive damages." *Marlow LLC v. BellSouth Telecommunications, Inc.*, No. 2:10-cv-135-KS-MTP, 2013 WL 1752384, at *2 (S.D. Miss. Apr. 23, 2013) (citing MISS. CODE ANN. § 11–1–65(1)).

9. **G̲OLDEN R̲ULE A̲RGUMENT.**

Defendants seek to exclude any and all references to any "Golden Rule" argument. "'A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them.'" *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-cv-90-KS-MTP, 2019 WL 638371, at *3 (S.D. Miss. Feb. 14, 2019) (quoting *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011)). "The Fifth Circuit disfavors these types of arguments because they 'encourage the jury to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Sours v. Yamout*, No. 3:19-cv-473-KHJ-MTP, 2022 WL 1625166, at *1 (S.D. Miss. May 23, 2022) (quoting *Jackson v. Low Constr. Grp., LLC*, No. 2:19-cv-130-KS-MTP, 2021 WL 1030995, at *1 (S.D. Miss. Mar. 17, 2021) (citing *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998)). This type of argument is not proper and should be excluded. *McElveen*, 2019 WL 638371, at *3.

## IV. <u>CONCLUSION</u>

Defendants respectfully move this Court *in limine* to enter an Order prohibiting Plaintiff, her counsel, witnesses or any other persons from offering testimony, discussing or mentioning in *voir dire* or opening and/or closing statements or at any other time during trial, referencing in testimony or offering into evidence, or attempting to elicit any evidence, testimony, statement or argument, the following:

1) Any unpled claims and/or claims dismissed and/or abandoned pursuant to this Court's Order on Summary Judgment [46], including all claims for violation of the Fourteenth Amendment to the United States Constitution.

2) Any other lawsuits against MDRS or Howard, including, but not limited to:
   i) *John Calvin v. Mississippi Department of Rehabilitation Services*, No. 3:15-cv-00827-HTW-LRA;

15

ii) *Kenisha Black v. Mississippi Department of Rehabilitation Services*, No. 3:20-cv-00643-KHJ-LGI;

iii) *Sandra Sanders v. Mississippi Department of Rehabilitation Services*, No. 3:20-cv-00830-CWR-LGI;

iv) *Shondra Gathings v. Mississippi Department of Rehabilitation Services*, No. 3:21-cv-00709-KHJ-LGI;

v) *Melody Laury v. Mississippi Department of Rehabilitation Services*, No. 3:21-cv-00712-KHJ-LGI;

vi) *Lavonda Hart v. Mississippi Department of Rehabilitation Services*, No. 3:21-cv-00713-KHJ-LGI; and

vii) *Kenisha Black v. Mississippi Department of Rehabilitation Services and Chris M. Howard, Individually*, No. 3:23-cv-00426-DPJ-ASH.

3) Any reference to Howard or MDRS being a defendant in any other lawsuit.

4) Any purported "pattern or practice" claim.

5) The contents of Plaintiff's 2019 EEOC Charge No. 423-2019-01877.

6) Any reference to a "first opportunity to retaliate." Alternatively, any timing argument conflicting with the applicable "but-for" causation standard applicable to Title VII retaliation claims.

7) Any reference to or claim for punitive damages against MDRS, regarding Plaintiff's Title VII claims.

8) Any reference to Howard's personal wealth or financial condition until any punitive damages phase at trial, if any, regarding Plaintiff's claim for tortious interference with employment.

9) Any reference to or use of a "Golden Rule" argument.

In addition to an order excluding the referenced evidence, Defendants also request that any and all parties, counsel, and witnesses be instructed by an appropriate order to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any matter set forth herein, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of any potential jurors and/or the jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters.

RESPECTFULLY SUBMITTED, this the 20 day of October, 2025.

**MISSISSIPPI DEPARTMENT OF REHABILITATION SERVICES and CHRISTOPHER HOWARD,** *Defendants*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

/s/ *Will Ivison*
WILLIAM C. IVISON
Special Assistant Attorney General
Mississippi Bar No. 104213

Lindsay Thomas Dowdle (MSB #102873)
Will Ivison (MSB #104213)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.:    (601) 359-3020
         (601) 359-4245
Fax:    (601) 359-2003
Email: Lindsay.Dowdle@ago.ms.gov
          Will.Ivison@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which has provided notice to all counsel of record.

SO CERTIFIED, this the 20 day of October, 2025.

/s/ *Will Ivison*
WILLIAM C. IVISON (MSB #104213)
Special Assistant Attorney General

17