# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **JANET E. DARDEN,** | |
| *Plaintiff,* | |
| v. | CAUSE NO. 3:24-CV-144-CWR-ASH |
| **MISSISSIPPI DEPARTMENT OF REHABILITATION SERVICES and CHRISTOPHER HOWARD,** | |
| *Defendants.* | |

## ORDER

Defendants filed a motion in limine. Docket No. 48. As discussed below, the motion is granted in part and denied in part.

Defendants' motion seeks to exclude evidence or mention of: (1) unpled or abandoned claims, specifically including Plaintiff's Fourteenth Amendment claim; (2) other lawsuits against Defendants; (3) the Department and/or Mr. Howard being Defendants in other lawsuits; (4) a "pattern or practice" claim; (5) the contents of Plaintiff's 2019 EEOC charge; (6) the "first opportunity to retaliate" theory; (7) punitive damages sought from the Department; (8) Mr. Howard's personal wealth or financial condition, until any punitive damages phase at trial, if any; and (9) the "Golden Rule" argument.

Issue (1) is granted with respect to unpled claims and Plaintiff's Fourteenth Amendment claim. In its Order granting in part and denying in part Defendants' motion for Summary Judgment, the Court found that Plaintiff had abandoned her Fourteenth Amendment claim. Docket No. 46 at 10. Plaintiff may not present evidence solely related to any unpled claims or her now abandoned Fourteenth Amendment claim. *See, e.g., McCon v.*

*Perez*, No. 1:17-CV-77, 2018 WL 4006971, at *2 (S.D. Miss. Aug. 20, 2018) ("[E]vidence and argument that solely concerns dismissed claims are matters that are both irrelevant and unduly prejudicial."). To the extent any evidence that she may have presented in support of those claims may be used to support one of her surviving claims, she may present such evidence for that purpose.

Issues (2) and (3) are granted in part and denied in part. As discussed in the Court's prior order, Plaintiff bears the burden of convincing the jury that Defendants' reason for failing to hire Plaintiff was pretext for discrimination. Docket No. 46 at 9. Ms. Darden maintains that the Department's proffered reason is unworthy of credence because it has consistently denied promotions to women who challenge the Department's policies. That the Department is involved in similar litigation may bolster Plaintiff's position. It is relevant for the limited purpose of supporting Ms. Darden's necessary pretext showing. Plaintiff may not present evidence of or mention other pending lawsuits against the Department or Mr. Howard for the purpose of introducing character evidence. If a limiting instruction would assist the jury in focusing on the narrow use of this evidence, the parties should be prepared to offer one.

Issue (4) is too vague to adjudicate today. Defendants have not sufficiently identified the alleged "pattern and practice" claim they reference. To this extent Defendants meant this to exclude evidence that Plaintiff would use solely to support any unpled claim or her abandoned Fourteenth Amendment claim, the Court's ruling on issue (1) is sufficient to protect Defendants.

Defendants informed the Court that they have withdrawn their request to exclude with respect to issue (5). Therefore, issue (5) is denied as moot.

2

Issue (6) is denied. Defendants attempt to prevent Plaintiff from presenting evidence on an issue that the Court has already ruled must be determined by the jury. In its prior Order, the Court instructed that "a reasonable jury could believe that the Department chose to retaliate against [Ms. Darden] for her 2019 EEOC charge by ensuring that she would not be considered for the DCS position in 2022." Docket No. 46 at 8-9 (citing *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992) (holding that two-year lapse in time was not fatal to plaintiff's attempt to establish prima facie case of retaliation)). Further, as Defendants note, the "first opportunity to retaliate" theory has not been addressed, much less prohibited, by the Fifth Circuit.

Issues (7), (8), and (9) are granted as conceded by Plaintiff.

Defendants' motion is therefore granted in part and denied in part.

**SO ORDERED**, this the 5th day of November 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE